IN RE TRUST CREATED BY LAST WILL OF
CHARLES N. SPRATT.
NORTHWESTERN NATIONAL BANK OF MINNEAPOLIS v.
RUTH SPRATT PEGELOW AND OTHERS.

224 N. W. 2d 355.

November 29, 1974—No. 44703.

*Will Gray,* for appellants.

*Faegre & Benson, John E. Harris,* and *Thomas L. Kimer,* for respondent.

*Rider, Bennett, Egan, Johnson & Arundel, Stuart W. Rider, Jr.,* and *David J. Byron,* as amicus curiae, seeking to have court consider appeal.

Heard before Todd, MacLaughlin, and Knutson, JJ., and considered and decided by the court en banc.

PER CURIAM.

This is an appeal from an order of the district court allowing annual accounts and approving the payment of attorneys' fees of the trustee, Northwestern National Bank of Minneapolis, under a trust created by the last will and testament of Charles N. Spratt and an inter-vivos trust created by Charles N. Spratt and Ruth P. Spratt. Ruth Spratt Pegelow, daughter of the settlors and the current beneficiary of the trust, and her children, Edwin, Charles, and Frederick Bruce Pegelow, contingent beneficiaries, interposed objections to the petition for allowance of the annual account. They objected to the payment of attorneys' fees to Joseph Shefner for his representation of the trust in earlier litigation in which the instructions of the court were sought, and they attempted to surcharge the trustee for attorneys' fees, recover punitive damages, and have the trustee removed. The trial court by an order dated September 19, 1973, approved the payment of Shefner's attorneys' fees

and held that there was no basis for removing, surcharging, or assessing punitive damages against the trustee.

Objectors appeal to this court. The notice of appeal is dated October 18, 1973, but was filed with the district court on October 25, 1973. The appeal is taken pursuant to Minn. St. 501.35, which so far as relevant here reads:

"* * * [A]ppeal to the supreme court may be taken from such order within 30 days from the entry thereof *by filing notice of appeal with the clerk of the district court,* who shall mail a copy of such notice to each adverse party who has appeared of record." (Italics supplied.)

The notice of appeal in this case was served on the trustee within 30 days after the entry of the trial court's order but was not filed with the clerk of the district court within 30 days as the above statute requires. Question has arisen as to whether this court acquired jurisdiction in the light of the service made.

We have examined the record and are convinced that the evidence sustains the trial court's findings. As a consequence, we decline to consider or decide the jurisdictional question.

Affirmed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.